E. F. CREMIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9197. Promulgated January 25, 1927.

1. The Board has no jurisdiction of an overassessment not arising from the allowance in part of a claim in abatement.

2. A taxpayer making his return on a cash basis may not report as income for 1919 salary received in 1920.

3. A stockholder in a corporation who receives his proportionate share of the corporate assets through a liquidating dividend in 1920 and returns the same as income for that year, and who subsequently is required to pay his proportionate share of additional income and profits taxes assessed against the corporation, is entitled to have the amount so received and returned by him as income for that year reduced by the amount of the additional tax he was required to pay on behalf of the corporation.

4. The reasonable allowance for exhaustion, wear and tear of drilling equipment determined.

*R. L. Slaughter, Esq.,* for the petitioner.

*R. A. Littleton, Esq.,* for the respondent.

This proceeding is for the redetermination of deficiencies in income tax in the amount of $4,870.09 for the year 1920, and $1,307.60 for the year 1921, and an overassessment of $385.76 for the year 1919.

### FINDINGS OF FACT.

The petitioner is an individual, residing at Tulsa, Okla. He is, and has been for about thirty years, engaged in the business of drilling oil wells.

During the years 1919 and 1920 the petitioner was a stockholder of the Eastern Torpedo Co., a corporation, and was also an officer of the company at a salary of $10,000 per year. He was not, however, actually paid any salary for the year 1919 until January 1, 1920, at which time he was paid the entire amount of $10,000. The corporation, during the year 1919, had earned sufficient money to pay the petitioner's salary. The corporation, in its income and profits-tax return for the year 1919, claimed no deduction on account of salaries paid or accrued to its officers and in fact did not actually pay or accrue any such salaries in that year. In the year 1919 the corporation paid the petitioner $4,500, which was due him as salary for the year 1918. In adjusting the tax liability of the corporation for the years 1916 to 1919, inclusive, the Commissioner, in the year 1925, permitted the corporation to rewrite its books upon what is known as the accrual basis, to file amended returns, and to accrue upon its books and deduct from gross income for the year 1919 the amount of $10,000 paid to the petitioner on January 1, 1920, as salary for the year 1919.

In the year 1920 the Eastern Torpedo Co. was dissolved and its assets were distributed to its stockholders, of which the petitioner was one, as liquidating dividends. The corporation did not set up a reserve to take care of additional income and profits taxes that were subsequently, in the year 1925, found to be due for the years 1916 to 1919, inclusive, in the amount of $12,972.86. On the liquidation of the corporation, the petitioner received his pro rata share of the assets, and in the year 1925 he paid, on behalf of the dissolved corporation, his pro rata share, or $3,154.05, of the additional taxes for the years 1916 to 1919, inclusive. The petitioner, in his income-tax return for 1920, included in his gross income the entire amount received by him as a liquidating dividend from the corporation.

During the years 1919, 1920, and 1921, the petitioner was a member of the partnership of Cremin and Jameson, and during the years 1919 and 1920 he was also a member of the partnership of Cremin and Rockwell. These partnerships were engaged in the business of drilling oil wells and they owned tools and drilling equipment for that purpose. The partnership of Cremin and Rockwell was dissolved in the year 1920, and its drilling equipment, which had been in use for at least three years, was abandoned because it was not considered to have any further useful value. Some of the equipment

was new when acquired by Cremin and Rockwell and some of it was second-hand. The equipment belonging to Cremin and Jameson was used about five years and was abandoned in the year 1921 because it was considered to have no further value. The average useful life of the equipment was about five years.

The petitioner kept his books and filed his income-tax returns for the years 1919 and 1920 on the cash receipts and disbursements basis. Upon audit of the returns for those years, the Commissioner included as income for the year 1919 the amount of $4,500 paid to the petitioner in that year by the Eastern Torpedo Co., as salary for the year 1918, and included in income for the year 1920 the amount of $10,000 paid to the petitioner in that year by the Eastern Torpedo Co. as salary for the year 1919. The Commissioner also allowed only a rate of 10 per cent for depreciation of drilling equipment belonging to the partnerships of Cremin and Rockwell and Cremin and Jameson, of which the petitioner was a member.

OPINION.

MARQUETTE: The petitioner alleges that he is entitled to relief in the following respects: (1) That his net income as determined by the Commissioner for the year 1919 should be reduced by the amount of $4,500 paid to him in that year by the Eastern Torpedo Co. as salary for the year 1918. (2) That his income for the year 1920 should be reduced by the amount of $10,000 paid to him in that year by the Eastern Torpedo Co. as salary for the year 1919, and that said amount of $10,000 should be included in his income for 1919. (3) That the amount included in income for the year 1920, as liquidating dividends received from the Eastern Torpedo Co., should be reduced by the amount of income and profits taxes which be subsequently paid on behalf of the company. (4) That the partnerships of Cremin and Rockwell and Cremin and Jameson, of which petitioner was a member, should be permitted to take deductions for depreciation of drilling equipment for the years 1919, 1920, and 1921, computed at the rate of 25 per cent, and the petitioner's distributive share of the income of the partnerships for those years adjusted accordingly.

The record herein discloses that the Commissioner has not determined a deficiency in tax against the petitioner for the year 1919, but that, on the contrary, he has determined that there is an overassessment for that year. There is nothing in the record to indicate that the overassessment arises from the allowance in part of any claim for abatement of any additional assessment. Therefore, under the Revenue Act of 1926, we have no jurisdiction of this pro-

ceeding in so far as it relates to the petitioner's tax liability for the year 1919. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

The first question presented, as to the deficiency for the year 1920, is whether or not the amount of $10,000 paid to the petitioner by the Eastern Torpedo Co. on January 1, 1920, under the circumstances set forth in the findings of fact, should be included in his income for that year. The record discloses that in the year 1919 the corporation apparently attempted to keep its books on the cash receipts and disbursements basis, and that the petitioner's salary for the year 1919 was neither accrued on the corporation's books nor paid to him in that year, although the corporation had ample funds available for that purpose. The corporation was subsequently permitted by the Commissioner to rewrite its books for the year 1919 on the accrual basis and to file an amended return. On the books as rewritten, the petitioner's salary for the year 1919 was accrued as of that year and was deducted from gross income in the amended return.

Notwithstanding the fact that the corporation was permitted to rewrite its books on the accrual basis and to accrue and deduct from gross income for the year 1919 the salary in question, we are of the opinion that amounts so accrued and deducted constituted income to the petitioner for the year 1920. We would be impelled to the same conclusion even if the corporation's books had been originally kept on the accrual basis and the petitioner's salary for the year 1919 accrued on the books in that year. The petitioner was on the cash receipts and disbursements basis and there is nothing in the record to show that the salary paid to him in 1920 was available to or could have been drawn by him in 1919, although the corporation had ample funds from which payment could have been made. The situation here presented is very similar to that in the *Appeal of J. M. Edmunds*, 1 B. T. A. 998. The facts in that appeal were that the taxpayer was, during the year 1918, a stockholder and employee in the International Planter's Corporation. Sometime in December, 1918, the directors of the corporation adopted a resolution authorizing the payment of $20,000 to the taxpayer, as additional compensation for services rendered during the years 1917 and 1918. On December 31, 1918, at its offices in New York, the corporation issued its check in the amount of $20,000 to the taxpayer and charged the same to him on its books of account as of that date. At that time the corporation was solvent and had ample funds in the bank for the payment of checks so issued and charged. The taxpayer kept his books on the cash receipts and disbursements basis. He received the check in January, 1919, and in making his income-tax return for 1919 he included the amount of the check in his gross

income for that year. Upon audit of the taxpayer's income-tax returns for 1918 and 1919, the Commissioner held that the check for $20,000 issued to the taxpayer on December 31, 1918, was constructively received by him on that date. Accordingly, the Commissioner deducted the amount of $20,000 from the taxpayer's gross income for 1919 and increased his gross income for 1918 in the same amount. The taxpayer appealed to this Board and contended that the amount of $20,000 in question was income to him for the year 1919. His contention was sustained. Upon the authority of our decision in that appeal, we hold that the amount of $10,000 paid to the petitioner herein by the Eastern Torpedo Co. on January 1, 1920, as salary for the year 1919, was income for the year 1920.

The second question presented is whether or not the petitioner is entitled to reduce the amount included in his income for the year 1920 as liquidating dividends received by him in that year from the Eastern Torpedo Co. by the amount of additional taxes he subsequently paid for that company. The identical question here presented was before the Board in the *Appeal of O. B. Barker*, 3 B. T. A. 1180. The facts in that appeal were that the taxpayers were stockholders in the Barker-Jennings Hardware Co. The corporation was dissolved in the year 1917 and its assets distributed to the stockholders. Subsequently, in the year 1923, the stockholders paid additional income and profits taxes, which were assessed against the corporation by the Commissioner. The Board, in holding that each stockholder was entitled to set off against the amount received by him in liquidation of the corporation the portion thereof which he was subsequently required to refund by way of payment of taxes of the corporation, said (p. 1186):

The payment made by Barker in 1923 on account of the corporate taxes was not an obligation incurred or a loss sustained by him in 1923, but was a repayment by him of corporate assets paid to him to which he had no equitable title. It was in the nature of a repayment of money received under a mistake of fact upon which a trust had been impressed and, to the extent to which the amount received was subject to the trust, was not income. *Appeal of Carey Van Fleet*, 2 B. T. A. 825. The amounts received by him in liquidation of the corporation should be reduced by the amount returned in payment of taxes of the corporation, the amount so returned being set off against the latest distributions received by the taxpayer.

It follows, from what we have said, that the amount heretofore included in the petitioner's income for the year 1920, as liquidating dividends received from the Eastern Torpedo Co., should be reduced by the amount of income and profits taxes which he was subsequently required to pay on behalf of the company.

With reference to the amount of the allowances for depreciation of oil-well drilling equipment to which the partnerships of Cremin

and Rockwell and Cremin and Jameson are entitled for the years 1920 and 1921, we are satisfied from the evidence that the equipment in question had a useful life of not to exceed 5 years and that the allowances for depreciation thereof should be computed at the rate of 20 per cent. At the hearing it was agreed by the parties to this proceeding that the bases upon which the depreciation should be computed are the costs shown by reports made by revenue agents, which reports were introduced in evidence at the hearing as Commissioner's Exhibits A and B.

> *Judgment will be entered on 15 days' notice, under Rule 50.*